UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROGER L. KINNERSON,             )
                                )
         Plaintiff,             )
   vs.                          )      16-CV-1295
                                )
McLEAN COUNTY DETENTION         )
FACILITY, *et al.*,             )
                                )
         Defendants.            )

<u>MERIT REVIEW ORDER</u>

  This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

  The plaintiff, proceeding pro se, a pretrial detainee at the McLean County Detention Facility, was granted leave to proceed *in forma pauperis*. The plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that Defendant Martin, a correctional officer at McLean County Jail, opened a letter addressed to the plaintiff on one occasion. The letter was marked as legal mail. The plaintiff alleges that jail officials responded to his grievances stating that the letter was opened inadvertently and was not read or otherwise examined.

  "An inmate's legal mail . . . is entitled to greater protections [than non-legal mail] because of the potential for interference with his right of access to the courts." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir.1999). Plaintiff, however, does not argue that his right of access to the courts was infringed in any way, and isolated incidents where jail

officials open an inmate's legal mail are unlikely to have a meaningful effect on such. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805 (7th Cir. 2010).   Nonetheless, the Court will grant the plaintiff an opportunity to provide more information regarding how the opening of his legal mail infringed upon his ability to litigate an otherwise meritorious claim.   *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)("[O]nly if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence or conditions of confinement has the [right of access to the courts] been infringed.")

**IT IS THEREFORE ORDERED that:**

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order, that states, with specificity, how the opening of his legal mail infringed upon his ability to litigate an otherwise meritorious claim.   If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, his case may be dismissed.   Any amended complaint should include all claims against all defendants. Piecemeal complaints are not permitted.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

Entered this 29th day of September, 2016.

**/s/ Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE